18313.   SWIFT & COMPANY *v.* JOHNSON *et al.*

The verdict as reduced by writing off a part of the recovery was not unauthorized.

In view of the counter-showing made to the trial judge, this court can not hold that he erred in holding that the alleged newly discovered evidence, by the exercise of proper diligence, should have been at the trial.

DECIDED NOVEMBER 15, 1927.

Mortgage foreclosure; from Gwinnett superior court—Judge Stark. May 16, 1927.

*Tye, Peeples & Tye, N. L. Hutchins,* for plaintiff.

*O. A. Nix, I. L. Oakes,* for defendants.

LUKE, J.   Swift & Company brought its petition against J. E. Johnson and Mrs. Louise E. Cooper, executrix of the estate of W. A. Cooper, to the June term, 1925, of the superior court of Gwinnett county, to foreclose a mortgage on real estate. At the same term of court defendant Johnson filed his answer, and the plaintiff its demurrer thereto. When the case was called for trial at the March term, 1926, Johnson offered an amendment, in the nature of a set-off, to his original plea, the plaintiff claimed surprise, and the case was continued. At the next September term the amendment was allowed, paragraph 2 of the original plea was stricken, the case proceeded to trial, and the jury rendered a verdict for Johnson for $109.21. After he had written off a large part of his recovery, the court overruled the motion for a new trial.

1.   After a careful examination of the brief of evidence in this case, we can not say that there was no evidence to authorize the verdict as written off.

Appeal and Error, 4 C. J. p. 830, n. 45; p. 835, n. 67; p. 1143, n. 10. New Trial, 29 Cyc. p. 1009, n. 54; p. 1020, n. 20; p. 1031, n. 1.

2. In view of the counter-showing made, and of the fact that the judge of the superior court is the trior in such matters, we can not, and do not, say that the court erred in ruling as follows upon the only ground of the amendment to the motion for a new trial: "The newly discovered evidence, by the exercise of proper diligence according to the counter-showing, should have been at the trial."

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*